# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. CV 21-00356-CJC (PDx)            Date: January 14, 2021

Title: <u>GARRAPATA, LLC V. NOROK INNOVATION, INC., *ET AL.*</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Cheryl Wynn</u>                     <u>N/A</u>
Deputy Clerk                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                        None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S APPLICATION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER**

      On January 14, 2021, Plaintiff—an entity that holds all trademarks related to the actor Clint Eastwood—brought this action against several CBD companies alleging that they misappropriated Mr. Eastwood's name and likeness to promote their products. (Dkt. 1 [Complaint].) Alongside the Complaint, Plaintiff applied for a temporary restraining order that would temporarily enjoin Defendants from using Mr. Eastwood's name or likeness. (Dkt. 11 [Ex Parte Application for TRO]; Dkt. 11-1 [Memorandum in Support, hereinafter "TRO"].) Plaintiff's TRO requests relief before Defendants are given notice of this proceeding. (*See* TRO at 15.)

      "Ex parte temporary restraining orders . . . run[] counter" to the notion that underlies "our entire jurisprudence"—that there be no court action "before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *See Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). Accordingly, there are "very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (explaining that ex parte orders are only proper when "notice to the defendant would render fruitless the further prosecution of the action"). An ex parte TRO may be appropriate when "notice to the adverse party is impossible" or the plaintiff can establish that defendants would "disregard a direct court order and dispose of the [evidence] within the time it would take for a hearing." *Id.* Plaintiff has failed to make either showing.

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 21-00356-CJC (PDx)              Date: January 14, 2021
                                                                                 Page 2

---

       Plaintiff merely asserts that the Court should issue a TRO without notice to Defendants because certain "Defendants are located in Cyprus" and thus "are likely to transfer all of their assets out of the United States and make it nearly impossible to enforce a judgment." Such speculation is insufficient to justify the issuance of an ex parte TRO. *See Hand & Nail Harmony, Inc. v. ABC Nail and Spa Prods.*, 2016 WL 9110163, at *3 (C.D. Cal. May 31, 2016) ("Conclusory statements by the applicant's counsel that the defendant will destroy goods will not justify ex parte issuance."); *Reno Air Racing*, 452 F.3d at 1131 (requiring that the plaintiff "do more than assert that the adverse party would dispose of evidence if given notice"). Plaintiff's application is therefore **DENIED** to the extent it seeks relief before Defendants are given an opportunity to be heard.

       Accordingly, Plaintiff is hereby ordered to meet and confer with Defendants and propose a briefing schedule concerning Defendants' opposition to the TRO and Plaintiff's reply. After the briefing has been completed, the Court will schedule a hearing if necessary.

gl

MINUTES FORM 11
CIVIL-GEN                                                                           Initials of Deputy Clerk CW