UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| GARRAPATA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NOROK INNOVATION, INC.; ERIC POPOWICZ; THUNDERCOM SYSTEMS LTD; COLIN ANDREWS aka SIMON THUNDERCOM; BIZX MARKETING, LLC; AZ CONNECTIONS, LLC; JEFF TAYLOR; and DOES 1-30, inclusive,<br><br>Defendant. | Case No.: CV 21-00356-CJC (PDx)<br><br>**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS IN CONNECTION WITH DEFAULT JUDGMENT [Dkt. 74]** |

## I.  INTRODUCTION & BACKGROUND

Plaintiff Garrapata, LLC alleges claims for misappropriation of name and likeness (Cal. Civ. Code § 3344), the common law right of publicity, false endorsement under the Lanham Act (15 U.S.C. § 1125(a)), trademark infringement (15 U.S.C. § 1114(1)(A)),

and common law trademark infringement against the only remaining Defendants in this action, Norok Innovation, Inc. ("Norok") and Eric Popowicz ("Popowicz") (collectively "Defendants"). (Dkt. 1 [Complaint].) Plaintiff alleges that Defendants are responsible for "an online Internet scam that illegally uses [Clint] Eastwood's celebrity and name to drive traffic to an online marketplace selling cannabidiol ("CBD") products and to promote CBD products thereon." (*Id.* ¶ 2.) Plaintiff owns the rights of publicity in Mr. Eastwood's name, image, likeness, and persona for all purposes, other than those related to the promotion and exploitation of the motion pictures Mr. Eastwood makes. (Compl. ¶ 5, Dkt. 71-2 [Declaration of Clint Eastwood, hereinafter "Eastwood Decl."] ¶ 2–3; Dkt. 71-3 [Declaration of Howard Bernstein, hereinafter "Bernstein Decl."] ¶¶ 2–3.) Plaintiff also owns a federally registered trademark, U.S. Registration No. 3265483, in Mr. Eastwood's name for "Entertainment services, namely, personal appearances and live performance and live recorded performances by a movie star and actor" (the "Registered Mark"). (Compl. ¶ 65, Ex. 3; Bernstein Decl. ¶ 4, Exhibit 1 [Plaintiff's Trademark Certificate from the United States Patent and Trademark Office].)

Plaintiff filed this action on January 14, 2021. (Compl.) On January 21, 2021, the complaint and summons were personally served on Norok. (Dkt. 15.) The Clerk entered Norok's default on February 17, 2021. (Dkt. 27.) On August 6, 13, 20, and 27 of 2021, the complaint and summons were served on Popowicz via publication, (Dkt. 51), with the Court's approval, (Dkt. 48). The clerk entered Popowicz's default on September 21, 2021. (Dkt. 53.)

On May 13, 2022, this Court granted in substantial part Plaintiff's motion for default judgement. (Dkt. 73 [Court's Order Granting in Substantial Part Plaintiff's Motion for Default Judgment].) The Court awarded Plaintiff $2,000,000 in damages and the requested injunctive relief. (*Id.* at 22.) However, the Court found that it could not award Plaintiff's requested attorneys' fees and costs because it lacked adequate

information to ascertain whether Plaintiff sought an award of attorneys' fees and costs incurred in litigating this case against other Defendants who Plaintiff voluntarily dismissed earlier in this action. (*Id.* at 21.) The Court allowed Plaintiff to bring a renewed motion to specifically address the attorneys' fees and cost issue, which is now before the Court. (Dkt. 74 [Plaintiff's Renewed Motion for Attorney's Fees and Costs in Connection with Default Judgment, hereinafter "Mot."].) For the following reasons, the Plaintiff's motion is **GRANTED**.[1]

## II. ANALYSIS

Plaintiff seeks attorneys' fees and costs pursuant to California Civil Code section 3344 and the Lanham Act. Civil Code sections 3344(a) and 3344.1(a)(1) provide that "[t]he prevailing party in any action under this section shall also be entitled to attorney's fees and costs." "The mandatory fee provision of section 3344, subdivision (a) leaves no room for ambiguity." *Kirby v. Sega of Am., Inc.*, 144 Cal. App. 4th 47, 62 (2006). When a party properly requests attorneys' fees in default actions, "the court is obliged to calculate a 'reasonable' fee in the usual manner," i.e., the lodestar method." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018).

"The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting the hours and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Although "a court must specifically explain the reasons for a reduction of

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 27, 2022, at 1:30 p.m. is hereby vacated and off calendar.

the requested fees by more than 10%, such explanation need not be elaborate so long as it is clear." *Klein v. Law Offices of D. Scott Carruthers*, 2015 WL 3626946, at *5 (N.D. Cal. June 10, 2015) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111–12 (9th Cir. 2008)). "[T]he district court has a great deal of discretion in determining the reasonableness of the fee." *Camacho*, 523 F.3d at 978.

Plaintiff seeks attorneys' fees in the amount of $25,762.00 and costs in the amount of $3,483.07 for pursuing its claims against Defendants Norok and Popowicz. (Mot. at 1; Dkt. 74-1 [Declaration of Jordan Susman ISO Plaintiff's Renewed Motion for Attorney's Fees and Costs in Connection with Default Judgment] ¶ 3.) Plaintiff calculated its fees by multiplying its hourly rate, ranging from $490 to $590 per hour, by the number of hours spent on this case litigating against Defendants Norok and Popowicz., totaling 46.5 hours. (Susman Decl., Ex. 1 [Billing Records and Entries].)

The hourly rates requested are reasonable. Though this case did not present particularly complex issues, Plaintiff's attorneys have specialized experience in intellectual property cases and have successfully represented Plaintiff in other actions of a similar nature. The rates are also commensurate with the years of experience of the respective attorneys who represent Plaintiff in this action. Plaintiff's attorney Jordan Susman has been practicing law for 14 years while Plaintiff's attorney Margo Arnold has been practicing law for 9 years. (*Id.* ¶¶ 4–5.) Furthermore, these rates are comparable to rates the Central District has previously approved for attorneys with similar skill and experience. *See, e.g.*, *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 130 F. Supp. 3d 1331, 1337 (C.D. Cal. 2015) (finding that rates of $750 to $975 for partners was in line with those in the community for similar services); *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *16 (C.D. Cal. Mar. 24, 2015) (approving rates of $825 to $930 for partners, $350 to $690 for associates, and $240 to $290 for support staff at a law firm in trademark case); *WB Music Corp. v. Royce Int'l Broad. Corp.*, 2018 WL

6177237, at *5 (C.D. Cal. July 9, 2018) (approving rates of $778.50 for senior counsel, $702 and $607.50 for mid-level associates, and $495 for junior associates). The Court finds the rates charged here are in line, if not less than, those charged by comparable senior attorneys in this district.

The number of hours Plaintiff's counsel spent on this case is also reasonable. Reasonable hours expended on a case are hours that are not "excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citation omitted). Plaintiff has included detailed billing records and extensive documentation regarding the work its attorneys performed. (Susman Decl., Ex. 1.) This work includes researching the various claims at issue; investigating and collecting evidence concerning the use of hidden metatags which use Mr. Eastwood's name; attempting service on Defendants multiple times, including researching how to serve Defendant Popowicz via publication; consulting with experts concerning the use of hidden metatags; and researching and drafting the motion for default judgment. Having reviewed the records, the Court finds that the number of hours spent on the case was reasonable. *See ROAR, LLC v. ROAR Glob. Ltd.*, 2016 WL 7115902, at *8 (C.D. Cal. Dec. 5, 2016) (spending 130 hours to obtain a default judgment was reasonable).

Plaintiff also requests that the Court award costs. Under the Lanham Act, a plaintiff that prevails on trademark infringement claims is entitled to costs of the action. *See* § 1117(a). Here, Plaintiff seeks $ 3,483.07 in costs associated with bringing this action and provides an itemized list explaining how those costs were incurred. Having reviewed the list, the Court finds that all of the costs submitted were reasonable and awards the requested amount.

//
//
//
//

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' renewed motion for default judgment is **GRANTED**. The Court will enter judgment against Defendants and in favor of Plaintiff, which reflects the damages, injunctive relief, and attorneys' fees and costs awarded.

DATED: June 24, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE